**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2095-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TMAR A. WALKER,

    Defendant-Appellant.

_____

> Submitted December 16, 2025 – Decided January 6, 2026
>
> Before Judges Rose and Torregrossa-O'Connor.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-02-0549.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).
>
> Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tmar A. Walker appeals from a February 26, 2025 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2019, defendant pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as amended from first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2), and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), charged in a three-count Essex County indictment, for the midmorning shooting death of a rival drug dealer in an East Orange supermarket. Defendant was twenty-five years old at the time of the September 18, 2016 homicide. Pursuant to the terms of the negotiated plea agreement, the State recommended a prison term of twenty-three years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and dismissal of the remaining weapons offense. The agreement did not limit the State's ability to recommend the sentence run consecutively to the prison term to be imposed on defendant's pending drug cases.[1]

---

[1] In 2017, represented by his first plea counsel before another judge, defendant pled guilty to two third-degree drug offenses charged in Indictment No. 16-11-3167, and one fourth-degree drug offense charged in Indictment No. 17-02-0406. Under the terms of the global plea agreement for these offenses, the State agreed to recommend a three-year prison term on each drug offense, to run concurrently to the sentence imposed under the present homicide indictment.

A-2095-24

At sentencing, plea counsel argued in mitigation, the day before the shooting, the decedent and other men arrived at defendant's father's home, asked to see defendant in a manner that was "threatening and alarming," and left when they were told defendant was not there. The next day, defendant confronted the decedent, who said if defendant "did not leave the neighborhood he would be shot and killed," as this was the decedent's "area of operation." Plea counsel contended, based on what he was told, the decedent "had a reputation of violence and was a member of [a particular gang]."

Noting "defendant [wa]s a new father," "acknowledge[d] his guilt," and "felt legitimately provoked and in fear of his life" when he shot the decedent, plea counsel ultimately urged the sentencing judge to impose a twenty-year prison term on the aggravated manslaughter conviction and concurrent sentences on his drug convictions. Plea counsel did not expressly argue for the application of specific mitigating factors. No one spoke on defendant's behalf, but he expressed remorse during his statement in mitigation of sentence.

The sentencing judge "considered each of the potential [then existing] thirteen mitigating factors,"[2] but found none applied. Finding aggravating

---

[2] On October 19, 2020, the Legislature enacted mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14) ("The defendant was under 26 years of age at the time of the commission of the offense.").

3

factors three, (risk of committing another offense), and nine (general and specific deterrence), N.J.S.A. 2C:44-1(a)(3), (9), "substantially outweigh[ed] the non-existing mitigating factors" the judge sentenced defendant to: a twenty-three-year prison term, subject to NERA on the aggravated manslaughter conviction and a concurrent eight-year prison term with a four-year parole disqualifier under the Graves Act for the firearms conviction under the present indictment; two three-year prison terms on the third-degree drug convictions under Indictment No. 16-11-3167, imposed concurrently to each other and the aggravated manslaughter and weapons sentences under the present indictment; and an eighteen-month prison term under Indictment No. 17-02-0406, imposed consecutively to the aggravated manslaughter sentence and concurrently to the weapons sentence under the present indictment.

In his ensuing direct appeal, defendant only challenged his sentences. We heard his appeal on a sentencing calendar. See R. 2:9-11. Relevant to this appeal, we remanded for reconsideration of the consecutive term imposed. State v. Walker, No. A-0269-19 (App. Div. Sept. 23, 2020) (slip op. at 1). On remand, the sentencing judge issued an amended judgment of conviction on Indictment No. 17-02-0406, imposing the same eighteen-month prison sentence, but

running it concurrently to the aggravated manslaughter and weapons sentences under the present indictment.

Defendant filed a timely self-represented PCR petition asserting ineffective assistance of plea counsel. Thereafter, counsel was assigned and filed a brief supplementing defendant's arguments. Pertinent to defendant's renewed contentions on appeal, defendant claimed plea counsel "fail[ed] to present all information relevant to statutory mitigating factors, including character letters and letters of support."

In particular, defendant argued he was intoxicated when he committed the offenses and, as such, plea counsel failed to argue for the application of mitigating factor four, N.J.S.A. 2C:44-1(b)(4) ("There were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense."). Noting he was twenty-five years old when he committed the offense, defendant further argued, "mitigating factor 14 would apply" on resentencing.

On February 26, 2025, following oral argument on defendant's PCR petition, the same judge who entered defendant's guilty plea on the present offenses and imposed the aggregate sentence, denied PCR. That same day, the judge issued a cogent written decision and memorializing order.

Pertinent to this appeal, the PCR judge was not convinced plea counsel's representation was deficient for failing to present character letters on defendant's behalf, finding the decision to do so "was within [plea c]ounsel's discretion." The judge further found, in any event, defendant's "sentence would not have resulted in a different outcome considering the State had a strong case against [defendant]." That evidence included surveillance video and eyewitness testimony.

Turning to defendant's mitigating factor four argument, the judge found, although plea counsel did not "explicitly tie the circumstances he described explaining [defendant]'s conduct to mitigating factor four," he nonetheless "la[id] out the facts surrounding [defendant]'s self-defense claim," but defendant's "conduct could not be justified or excused by the circumstances described." Nor was the judge persuaded plea counsel's representation was deficient for failing to argue defendant was under the influence at the time of the offense, finding defendant failed to support his claim on PCR. Quoting our decision in State v. Setzer, the judge also determined, even if defendant was "under the influence of substances" when he committed the offense as he belatedly claimed, intoxication "do[es] not detract from the seriousness of the

6

offense." 268 N.J. Super. 553, 567 (App. Div. 1993) (quoting State v. Towey, 244 N.J. Super. 582, 595 (App. Div. 1990)).

Noting mitigating factor fourteen was enacted after defendant committed the present offenses, the judge rejected defendant's argument that plea counsel was ineffective for failing to argue for that factor. Citing our Supreme Court's decision in State v. Lane, the judge recognized mitigating factor fourteen did not become effective until October 19, 2020. 251 N.J. 84, 97 (2022) (holding mitigating factor fourteen applies prospectively). The judge nonetheless noted he was aware of defendant's age at the time of the incident, but "did not weigh [his] age heavily considering the crime committed."

The PCR judge ultimately determined, even if plea counsel had argued for application of the specific mitigating factors defendant raised on PCR, "the outcome of [defendant]'s sentencing would not have resulted in anything different considering the [State's] strong case" and the evidence against defendant. The judge thus concluded because defendant failed to establish a prima facie claim for PCR, an evidentiary hearing was not required.

On appeal, defendant reprises the same sentencing contentions raised before the PCR judge. In a single point, he asserts:

> THE PCR JUDGE ERRED IN FINDING THAT
> COUNSEL HAD NOT PROVIDED INEFFECTIVE

ASSISTANCE AT THE SENTENCING PROCEEDING.

Having considered defendant's arguments in light of the applicable law, we conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the PCR judge in his well-reasoned written decision. We add only the following remarks.

We review a judge's decision to deny a PCR petition without a hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

To obtain relief based on ineffective assistance grounds, a defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also the deficiency prejudiced the defendant's right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey) (Strickland/Fritz test). A "failure to present mitigating evidence or argue for mitigating factors . . . even within the confines of [a] plea agreement" may rise

A-2095-24

to the level of ineffective assistance of counsel. <u>State v. Hess</u>, 207 N.J. 123, 154 (2011).

A defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant is entitled to an evidentiary hearing only when he or she "has presented a prima facie [case] in support of [PCR]," <u>State v. Marshall</u>, 148 N.J. 89, 158 (1997) (first alteration in original) (italicization omitted) (quoting <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992)), meaning a "defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." <u>Ibid.</u>

In the present matter, the PCR judge thoroughly analyzed the potential mitigating factors raised in defendant's PCR application and explained why those factors were inapplicable here. We therefore conclude defendant failed to demonstrate a reasonable likelihood his PCR claim would ultimately succeed on the merits and failed to satisfy either prong of the <u>Strickland/Fritz</u> test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. <u>See</u> <u>Preciose</u>, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2095-24